**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jaime B. Medrano, | ) | No. CV 14-2294 TUC JGZ (LAB) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States Parole Commission, | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241, filed by Jaime B. Medrano, an inmate confined in the United States Penitentiary in Tucson, AZ.  (Doc. 1)

Also pending are the petitioner's motions to (1) amend the petition, (2) summarily decide the issue of exhaustion, and (3) hold an evidentiary hearing on the exhaustion issue.  (Docs. 15, 16, 21)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for a Report and Recommendation.

The petition should be dismissed for failure to exhaust administrative remedies.  In the alternative, the petition should be denied on the merits.


SUMMARY OF THE CASE

Medrano was convicted by a U.S. Army general court-martial of rape; premeditated murder; indecent, lewd, and lascivious acts; and possession of LSD.  (Doc 19-1, p. 2)  He was sentenced to life imprisonment on February 6, 1981.  *Id*.

1    Pursuant to 18 U.S.C. § 4206(d), a person sentenced to life imprisonment should be
2    released on parole after serving thirty years of his sentence unless the Parole Commission
3    "determines that [the prisoner] has seriously or frequently violated institutional rules and
4    regulations or that there is a reasonable probability that he will commit any Federal, State, or
5    local crime."  Accordingly, the Parole Commission held a parole hearing on August 11, 2011,
6    Medrano's thirty-year anniversary. (Doc. 19-1, p. 14)  The Commission denied Medrano parole
7    in a notice dated February 2, 2012.  (Doc. 19-1, p. 18)  Medrano appealed to the National
8    Appeals Board, which affirmed the decision denying parole.  (Doc. 19-1, p. 20)

9    On February 4, 2014, Medrano had his next parole hearing, which is the subject of the
10   pending petition.  (Doc. 19-1, p. 24)  The Commission found Medrano has "continued to
11   minimize the offense behavior by denying any involvement in the base offense, and [was]
12   terminated from the sex offender maintenance group for disruptive behavior and declined BOP
13   staff recommendation to re-enroll in sex offender treatment."  (Doc. 19-1, p. 26)  The
14   Commission therefore concluded there is a likelihood Medrano will commit further crimes if
15   released.  *Id*.  The Commission further found Medrano has "continued to commit serious
16   institutional infractions as recently as October 2012, when [he] made a sexually suggestive act
17   and comment towards a female staff member."  *Id*.   Accordingly, the Commission denied
18   Medrano parole pursuant to 18 U.S.C. § 4206(d).  *Id*.  Medrano did not appeal the decision of
19   the Commission to the National Appeals Board.  He maintains he did not receive a timely copy
20   of the decision.

21   On August 20, 2014, Medrano filed the pending petition for writ of habeas corpus.  (Doc.
22   1)  Medrano argues (1) he never received a written copy of the Commission's decision
23   subsequent to the hearing on February 4, 2014;  (2) he should be awarded parole automatically
24   because the Commission has not made an adverse finding pursuant to 18 U.S.C. § 4206(d);  (3)
25   he was denied meaningful representation; and (4) the institution has done nothing to help him
26   secure clemency pursuant to BOP (Bureau of Prisons) program statement 5110.16.  *Id*.

27

28

1    On December 9, 2014, Medrano filed a motion to amend the petition to name the proper

2    respondent.  (Doc. 15)  Medrano seeks to name as respondent the warden of his institution

3    instead of the U.S. Parole Commission.  *Id.*

4    Also on December 9, 2014, Medrano filed a motion to "summarily decide the issue of

5    exhaustion."  (Doc. 16)  Medrano maintains he did not exhaust his issues because he did not

6    receive a written decision from the Commission and therefore "he has nothing to 'appeal'."

7    (Doc. 16, p. 2)

8    The respondent filed an answer on December 17, 2014 arguing Medrano failed to

9    exhaust his administrative remedies and, in the alternative, the petition should be denied on the

10   merits.  (Doc. 19)  Medrano did not file a reply brief.

11   On January 7, 2015, Medrano filed a motion calling for an evidentiary hearing to resolve

12   factual matters related to the exhaustion issue.  (Doc. 21)  He insists he did not receive a timely[1]

13   copy of the Commission's decision denying him parole.  *Id.*  He also argues he was represented

14   at his parole hearing by his case manager, Mrs. Diaz.  *Id.*  The Commissioner maintains

15   Medrano was not represented by anyone because he affirmatively declined representation at the

16   hearing.  (Doc. 19)

17

18   Discussion: Exhaustion

19   As a prudential matter, habeas petitioners are required to exhaust their administrative

20   remedies before filing their petition.  *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004).

21   This requirement is not jurisdictional, but it serves three important functions:  "(1) agency

22   expertise makes agency consideration necessary to generate a proper record and reach a proper

23   decision; (2) relaxation of the requirement would encourage the deliberate bypass of the

24   administrative scheme; and (3) administrative review is likely to allow the agency to correct its

25   own mistakes and to preclude the need for judicial review."  *Id.*  A claim against the actions of

26   the U.S. Parole Commission must be appealed before the National Appeals Board before it can

27   _____

28        [1] The Commission attached a copy of the decision to its answer.  Medrano certainly has it now.

1 be raised in this court. *Weinstein v. U.S. Parole Com'n*, 902 F.2d 1451, 1453 (9th Cir. 1990);

2 *see also* 28 C.F.R. § 2.26.

3      In this case, Medrano did not appeal any of his claims to the National Appeals Board.

4 (Doc. 19-1, p. 30)  Accordingly, his petition should be dismissed for failure to exhaust.

5      Medrano concedes his failure to appeal.  He argues, however, that he could not appeal

6 because the Commission did not send him a written denial and therefore he had "nothing to

7 appeal." (Doc. 1, p. 3)  The Commission, on the other hand, maintains that a notice of action

8 was issued after the hearing and that the notice was transmitted to the institution in which

9 Medrano is incarcerated.  (Doc. 19, p. 10)

10      The court finds that even if Medrano did not receive timely notice of the Commission's

11 decision, he still could have, and should have, pursued administrative remedies.  His alleged

12 failure to receive notice did not prevent him from filing the petition pending in this court.

13 Likewise, it did not prevent him from filing an appeal with the National Appeals Board.

14      Medrano argues in the alternative that exhaustion would be futile because his appeal

15 would surely be denied.  He reaches this conclusion based on the answering brief in which the

16 Commission argues that Medrano's claims lacks merit.  He argues that if the Commission

17 believes his claims are meritless, then the National Appeals Board would have said the same

18 thing.  And if the outcome of his appeal was a foregone conclusion, there was no need to appeal

19 in the first place.  His argument assumes that the Commission speaks for the National Appeals

20 Board. It does not.  If it did, exhaustion would always be futile, and the exhaustion requirement

21 would be nonsensical.

22      The petition should be dismissed for failure to exhaust administrative remedies.  The

23 court finds, in the alternative, that the petition should be denied on the merits.

24

25      <u>Discussion:  Merits</u>

26      In Claims (1) and (2) Medrano argues the Commissioner failed to issue an adverse

27 finding after his February 4, 2014 parole hearing, and therefore he is entitled to mandatory

28 parole pursuant to 18 U.S.C. § 4206(d).  (Doc. 1)

In fact, the Commission did issue a denial subsequent to the February 4, 2014 parole hearing.  The Commission concluded that Medrano "has seriously or frequently violated institutional rules and regulations" and "there is a reasonable probability that he will commit" further crimes should he be released.  18 U.S.C. § 4206(d).  Accordingly, Medrano is not entitled to mandatory parole.

Medrano further argues he did not receive a timely copy of this denial.  *See* 18 U.S.C. § 4206(b)  ("The Commission shall furnish the eligible prisoner with a written notice of its determination not later than twenty-one days, excluding holidays, after the date of the parole determination proceeding.").  Assuming this is so, he is not entitled to habeas relief because he has not shown prejudice from this delay.  Accordingly, there has been no violation of due process.  *See, e.g., Villarreal v. U.S. Parole Com'n*,  985 F.2d 835, 838 (5th Cir. 1993)  (The National Appeals Board's failure to render a timely decision did not result in prejudice, and therefore there was no basis to grant habeas relief.);  *Williams v. U.S. Parole Com'n*,  617 F.Supp. 470, 473 (D.C.Pa. 1985)  (The Commission's failure to issue a timely notice revoking parole did not merit habeas relief.).

One might argue that without a copy of the notice, Medrano was unable to challenge the reasoning behind that decision within the 30-day deadline for filing an appeal with the National Appeals Board.  *See* 28 C.F.R. § 2.26(a)(1).  If he lost a chance to appeal, Medrano could have suffered prejudice.  It is not certain, however, that the National Appeals Board would reject his appeal as untimely if he were to file one now.  Unless and until it does, Medrano cannot prove prejudice and habeas corpus relief is not available.  *See, e.g., Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)  ("[T]he Board in its discretion, may allow Fuller to file the appeal out of time . . . .").

In Claim (3), Medrano argues he was denied meaningful representation at his two parole hearings.  *See* 18 U.S.C. § 4208(d)(2)  ("The prisoner shall, if he chooses, be represented at the parole determination proceeding by a representative who qualifies under rules and regulations promulgated by the Commission.").   The Commission maintains he did not request representation.  (Doc. 19, p. 11)  Medrano, on the other hand, insists he was represented by a

1    Mrs. Diaz, who was "unhelpful, unfamiliar with USPC rules, policies and guidelines and did

2    not represent MY interests to the USPC." (Doc. 1, p. 6); (Doc. 21)

3         Assuming he did have representation, his claim fails because he does not explain how

4    he was prejudiced by Mrs. Diaz's performance.  (Doc. 1)  Accordingly, there has been no due

5    process violation.  *See, e.g., Thompson v. Warren*, 2012 WL 4889234, 5 (D.N.J. 2012) ("[T]his

6    Court finds no prejudice to Petitioner in not having his chaplain attend his parole hearing as his

7    representative, and accordingly, his habeas petition will be denied for failure to state a due

8    process violation.").

9         Finally, in Claim (4), Medrano argues the Bureau of Prisons (BOP) has done nothing to

10   help him secure clemency pursuant to Program Statement 5110.16.  This Program Statement,

11   however, simply states that "[m]ilitary inmates continue to be eligible for clemency

12   consideration from their respective branches of service" and that "[t]he Bureau honors clemency

13   actions and subsequent sentence recomputations issued by military authorities." (Doc. 19-1, p.

14   33)  The program statement does not give the BOP an affirmative duty to secure clemency for

15   Medrano.  The BOP has not violated due process.

16        In fact, the Ninth Circuit has clearly held that "[t]here is no constitutional right to

17   clemency." *Woratzeck v. Stewart*, 118 F.3d 648, 653 (9th Cir. 1997).  Accordingly, Medrano's

18   claim is not cognizable in habeas corpus.  *Id.*

19

20        RECOMMENDATION

21        The Magistrate Judge recommends that the District Court, after its independent review

22   of the record, enter an order dismissing the Petition for Writ of Habeas Corpus for failure to

23   exhaust.  (Doc. 1)   In the alternative, the petition should be denied on the merits.  *Id.*

24        Medrano's motion to amend should be denied as moot.  (Doc. 15)  There is no need to

25   amend the petition to name the correct respondent.

26        Medrano's motion to summarily decide the issue of exhaustion in his favor should be

27   denied.  (Doc. 16)  Medrano failed to exhaust his claims, and his failure should not be excused.

28

1    In the alternative, the motion could be denied as moot because the petition would be denied on

2    the merits even if Medrano's failure to exhaust was excused.

3          Medrano's motion for a hearing to make factual findings related to the exhaustion issue

4    should be denied as moot.  (Doc. 21)  It does not matter whether Medrano actually received a

5    timely copy of the Commission's decision.  Even if he did not, the petition still should be

6    denied.

7          Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

8    14 days of being served with a copy of this Report and Recommendation.  If objections are not

9    timely filed, they may be deemed waived.

10         The Clerk is directed to send a copy of this Report and Recommendation to the petitioner

11   and the respondent.

12         DATED this 13th day of February, 2015.

14   _Leslie A. Bowman_____

15                    Leslie A. Bowman
                 United States Magistrate Judge